Paul H. Krueger, OSB No. 802929
Kymber R. Lattin, OSB No. 173948
Paul Krueger Law Firm, PC
4380 S. Macadam Ave, Suite 450
Portland, OR  97239
(503) 222-0226
(503) 222-0733
Email – knolan@paulkruegerlaw.com
        klattin@paulkruegerlaw.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| SHANNON CONLEY, as Personal Representative of the ESTATE OF JOHN WESLEY CAMPBELL | Case No.: |
| Plaintiff, | COMPLAINT FOR WRONGFUL DEATH (BENCH TRIAL) |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Plaintiff Estate of John Campbell ("plaintiff") alleges:

### PARTIES

1.

Plaintiff, Shannon Conley, is the duly appointed personal representative of the Estate of John Wesley Campbell and charged with representing the heirs to this estate. Plaintiff is a citizen of the state of Oregon, residing in the Portland Metropolitan Area.

2.

Defendant, United States Department of Veterans Affairs, is a United States governmental agency located in various cities around Oregon.

1 – COMPLAINT FOR WRONGFUL
DEATH

## JURISDICTION AND VENUE

3.

This action, brought pursuant to 28 U.S.C. 2672 and 2674, is for medical negligence and wrongful death committed by medical doctors, family nurse practitioners, nurses, physicians assistants, radiologists and other employees at the United States Department of Veterans Affairs Medical Center, a federally funded health care facility in Oregon that is a part of the United States Department of Veterans Affairs.

4.

This court has jurisdiction pursuant to 28 U.S.C. 1346(b)(1) as this is a claim against the United States Department of Veterans Affairs for money damages for the injury and death caused by the negligent acts of employees, agents, servants, contractors and/or subcontract tors of the Veterans Administration within the scope of their employment.

5.

The amount in controversy, exclusive of interest and costs, exceeds the minimum jurisdictional amount for this court.

6.

Venue is proper pursuant to 28 U.S.C. 1391 because the claimed malpractice and wrongful death occurred in Eugene, Oregon.

7.

Pursuant to 28 U.S.C. 2675, a tort claim notice, based upon the facts and circumstances described herein was presented to the Department of Veterans Affairs Office of Chief Counsel in Phoenix, Arizona on September 6, 2019, and has been left without action by the agency for six months, permitting suit to be instituted without final action on the claim.

PAUL KRUEGER LAW FIRM, PC
4380 S. Macadam Ave, Ste. 450
Portland, OR  97239
(503) 222-0226

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

8.

At all times material herein, defendant, the United States Department of Veterans Affairs employed physicians, physician's assistants, nurses and other medically trained staff as employees who were, at all material times, acting within the course and scope of their agency/employment for the defendant.

9.

At all times material herein, the physicians, physician's assistants, technicians and others who were employed by the defendant, the defendant, maintained a physician-patient relationship with plaintiff.

10.

At all times material herein, defendant held themselves out to the public, including decedent, as qualified to practice medicine with advanced skills in expertise.

11.

Prior to his death, the decedent, John Wesley Campbell, was a veteran of the United States. As a result of his status as a veteran, the decedent, Mr. Campbell, sought care exclusively within the defendant.

12.

Prior to his death, the decedent, Mr. Campbell, sought care with the United States Department of Veterans Affairs to treat, diagnose and resolve his gastrointestinal symptoms.

13.

Upon his death, the decedent was diagnosed with metastatic adenocarcinoma with probable infiltration of the upper gastrointestinal tract and pancreas.

PAUL KRUEGER LAW FIRM, PC
4380 S. Macadam Ave, Ste. 450
Portland, OR 97239
(503) 222-0226

14.

Mr. Campbell's cause of death was determined to be a development of metastatic adenocarcinoma with probable infiltration of the upper gastrointestinal tract and pancreas.

## FIRST CLAIM FOR RELIEF
### COUNT ONE
### Negligence

15.

Plaintiff incorporates by reference and re-alleges paragraphs 1 through 14 of this Complaint as if restated completely herein.

16.

The defendant, by and through their employees/physicians/physician's assistants, nurse practitioners/technicians and other agents who were, at all material times herein, acting within the course and scope of their employment, were negligent in one or more of the following particulars:

(a) In failing to establish and implement adequate policies, procedures, and guidelines to be relied upon by the defendant's employees and agents in the examination;

(b) In misrepresenting the credentials, qualifications and abilities of the physicians, nurses and assistants who were involved in the car and treatment of the decedent;

(c) In failing to monitor, and, when necessary, control the actions of the defendant's employees and agents to ensure that;

(d) In failing to conduct any follow-up examination, treatment or monitoring of decedent's condition despite his ongoing complaints, symptoms, and issues;

PAUL KRUEGER LAW FIRM, PC
4380 S. Macadam Ave, Ste. 450
Portland, OR 97239
(503) 222-0226

(e) In ignoring the growing constellation of symptoms pointing to metastatic adenocarcinoma including left flank pain, low back pain, and other gastrointestinal issues;

(f) In failing to properly diagnose and treat decedent's condition of metastatic adenocarcinoma with probable infiltration of the upper gastrointestinal tract and pancreas; and

(g) In failing to promptly refer the decedent to a medical doctor having appropriate expertise to treat his carcinoma.

17.

At all times material herein, defendant, by and its employee, agents, physicians, and physicians assistants knew, or with the exercise of reasonable care, should have known, that the failure to examine, treat and diagnose decedent's condition would cause further permanent injury and death to the decedent.

18.

As a direct and proximate result of defendant's negligence, plaintiff was injured and suffered damages alleged with greater specificity *infra*.

**DAMAGES**

19.

Plaintiff incorporates by reference and re-alleges paragraphs 1 through 18 of this Complaint as if restated completely herein.

20.

At all times material herein, defendant, by and through its employees agents, physicians, and physician's assistants knew, or with the exercise of reasonable care, should have been

PAUL KRUEGER LAW FIRM, PC
4380 S. Macadam Ave, Ste. 450
Portland, OR 97239
(503) 222-0226

known, that the failure to examine, treat and diagnose the decedent's cancerous condition would cause further permanent injury and death to decedent.

21.

As a direct and foreseeable result of the negligence of the defendant as hereinabove alleged, decedent endured pain, suffering and ultimately died as a result of defendants' failure to adequately examine and diagnose his injuries. As a direct and proximate result of the pain, suffering, and general impairment of the decedent's capacity to enjoy life, decedent suffered non-economic loss in an amount that a jury determines to be fair, but not to exceed the sum of $4,055,000.00

22.

As a further direct and proximate result of the negligence of the defendant, plaintiff has suffered further economic damages in the approximate amount of $500,000.00, such sum representing the pecuniary loss to the surviving heirs of decedent John Wesley Campbell, including, but not limited to, funeral and burial expenses, as well as the present value of future contributions from the decedent.

23.

As a further direct and proximate result of the negligence of the defendant, the Estate of John Wesley Campbell, together with the remaining heirs of the decedent, have suffered, and in the future, will continue to suffer from, the loss of the decedent's society, comfort, companionship, care, protection, solace, consortium, and services. Therefore, the Estate of John Wesley Campbell is entitled to recover non-economic damages in the amount of $10,000,000.00.

///

///

PAUL KRUEGER LAW FIRM, PC
4380 S. Macadam Ave, Ste. 450
Portland, OR  97239
(503) 222-0226

24.

Federal tort claim notice was provided to the United States Department of Veterans Affairs on September 9, 2019, a copy of which is attached as Exhibit 1. More than six months have passed since that date during which the United States Department of Veterans Affairs has not made any settlement offer. By the United States Department of Veterans Affairs inaction, plaintiff's claim is deemed denied, and it is now allowed to pursue its rights in court under 28. USC. 2675 (a).

25.

Plaintiff hereby requests a jury trial.

WHEREFORE, plaintiff prays for judgment against the defendant, as follows:

1.      For non-economic damages in an amount to be determined at the time of trial not to exceed $14,055,000.00;

2.      For economic damages in an amount to be determined at the time of trial not to exceed $500,000.00; and

3.      For plaintiff's costs and disbursements incurred herein.

DATED this 3rd day of September, 2020.

PAUL KRUEGER LAW FIRM, PC

By: /s/ Paul H. Krueger
Paul H. Krueger, OSB No. 802929
Kymber R. Lattin, OSB No. 173948
4380 S. Macadam Ave, Suite 450
Portland, OR 97239
(503) 222-0226

Attorneys for Plaintiff

Trial Attorney: Paul H. Krueger

PAUL KRUEGER LAW FIRM, PC
4380 S. Macadam Ave, Ste. 450
Portland, OR 97239
(503) 222-0226